

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2004

# Brenner v. Harleysville Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Brenner v. Harleysville Ins Co" (2004). *2004 Decisions.* Paper 1099.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1099

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 02-4014
_____

JANET B. BRENNER; VIRGINIA A. BROADBELT,
Appellants

v.

THE HARLEYSVILLE INSURANCE COS.
_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 01-cv-08)
District Judge: Honorable Jay C. Waldman
_____

Submitted Under Third Circuit LAR 34.1(a)
OCTOBER 16, 2003

Before: SLOVITER, ROTH AND STAPLETON, CIRCUIT JUDGES

(Filed:  January 12, 2004)
_____

OPINION
_____

ROTH, Circuit Judge

Janet B. Brenner and Virginia A. Broadbelt appeal from the District Court's order

granting summary judgment in favor of defendant The Harleysville Insurance Company

("Harleysville" or the "company") on their claims of age discrimination.  For the reasons

that follow, we will affirm the District Court's judgment.

The underlying facts are set forth at length in the District Court's Memorandum. As a result, and because we write for the parties, we will only briefly describe the most significant events leading to this action. In March 1999, Harleysville announced that it was reorganizing its Policy Processing Department in connection with a change from a manual to a computerized method for recording insurance policy information. As a result, positions which had involved handwriting information on a paper record were replaced with jobs requiring employees to input information directly into a computer. Employees were advised that because of the new job requirements they would have to apply for new jobs and that they would be evaluated based upon criteria contained in a revised job description.

At the time the reorganization was announced, Brenner and Broadbelt, aged 56 and 57, respectively, worked in Harleysville's Coding Unit, one of three units in the Policy Processing Department. They applied for the new positions and were interviewed. The three interviewers unanimously agreed that Brenner and Broadbelt made a poor impression and gave them the lowest interview scores out of all the applicants.[1] In addition, two interviewers knew that concerns about Brenner and Broadbelt's ability to work with others had been raised in the past. Of the fourteen total applicants, only

_____

[1] For example, Broadbelt refused to answer questions, both she and Brenner said that they had not decided whether they wanted the job, and neither offered any ideas when asked how company could increase productivity.

Brenner and Broadbelt were not hired. Of the twelve applicants selected, eight were younger than Brenner and Broadbelt; however, all but four of those offered jobs were over age 40.

Brenner and Broadbelt filed this action in the District Court on January 2, 2001, alleging age discrimination and retaliation in violation the Age Discrimination in Employment Act ("AEDA"), the Pennsylvania Human Relations Act ("PHRA"), and the Employee Retirement Income Security Act ("ERISA"). Harleysville moved for summary judgment. By memorandum and order entered October 1, 2002, the District Court granted the motion for summary judgment. The District Court concluded that while Brenner and Broadbelt were able to establish a *prima facie* case of discrimination, they nevertheless failed to satisfy the burden of establishing that Harleysville's proffered reasons for not hiring them for new positions were pretextual. This appeal followed.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Publ. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We will view the facts in the light most favorable to the

---

[2] Brenner and Broadbelt do not challenge the entry of summary judgment on their retaliation and ERISA claims. See Appellant's Brief at 1.

3

nonmoving party and we will draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

The District Court found that Brenner and Broadbelt successfully established a *prima facie* case of age discrimination under the AEDA. We agree. Where, as here, the plaintiff alleges unlawful discharge based on age, the *prima facie* case requires proof that he or she (1) was a member of the protected class, i.e., 40 years old or older; (2) was qualified to hold the position; (3) suffered an adverse employment decision; and (4) was replaced by a sufficiently younger individual to create an inference of age discrimination. See Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995). As the District Court correctly noted, Brenner and Broadbelt were over 40 years old, they were not hired for positions for which they were qualified, and Harleysville filled some, but not all, of the new positions with persons sufficiently younger than Brenner and Broadbelt.

Under the well-established burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), once a plaintiff has established a *prima facie* case, the burden switches to the defendant to provide a legitimate non-discriminatory justification for the employment decision. If the defendant provides such a justification, then the burden switches back to the plaintiff to show by a preponderance of the evidence that the proffered justification is in fact a pretext for discrimination. See Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

In this case, Harleysville claims that it did not hire Brenner and Broadbelt because

4

they lacked certain qualities – teamwork, cooperation, and enthusiasm – that were important in the new positions.  This determination was based on the negative attitude Brenner and Broadbelt displayed during their interviews, combined with their history of uncooperative behavior.  Brenner and Broadbelt allege, however, that the District Court erred in granting Harleysville's motion for summary judgment because they had produced sufficient evidence to establish that Harleysville's non-discriminatory reasons for not hiring them were pretextual.  To show pretext, Brenner and Broadbelt must point to some direct or circumstantial evidence from which a reasonable factfinder could either (1) disbelieve the Harleysville's articulated legitimate justification, or (2) believe that an invidious discriminatory reason was more likely than not a motivating factor or determinative cause of Harleysville's decision not to hire them.  See Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 644 (3d Cir. 1998).

In support of their claim, Brenner and Broadbelt argue that Harleysville abandoned the traditional objective performance measures under which Brenner and Broadbelt's proficiency had been rated.  However, the criteria used to rate Brenner and Broadbelt's proficiency in manually entering information – error percentage (quality) and lines per day (quantity) – were not identified by Harleysville as a basis for its hiring decisions.  Instead, teamwork, cooperation, and enthusiasm were emphasized in connection with the reorganization and the hiring process.  See Ezold, v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509 (3d Cir. 1993) (pretext turns on the qualifications and criteria

5

identified by the employer, not the categories the plaintiff considers important).

Moreover, the fact that two of the three interviewers had pre-existing reservations about hiring Brenner and Broadbelt based on their history of uncooperative behavior does not contradict Harleysville's reasons for not hiring them. Rather, it confirms that the decision not to hire Brenner and Broadbelt was based on what the District Court aptly characterized as a "history of antipathy toward supervisors and co-workers in an environment where greater teamwork and cooperation were to be emphasized." In addition, because the relevant inquiry is whether discriminatory animus motivated the employer, see Fuentes, 32 F.3d at 765, Brenner and Broadbelt's citation to what they believed were positive aspects of the interviews is irrelevant. Similarly misplaced is Brenner and Broadbelt's reliance on Harleysville's decision to hire a 40 year old applicant who they claim performed poorly at the interviews and who had a "demonstrably poorer objective performance history." Unlike Brenner and Broadbelt, the 40 year old applicant did not generate unanimously negative reactions in the interviewers and thus the decision to hire her is inapposite to Brenner and Broadbelt's case. We have considered Brenner and Broadbelt's remaining arguments and we find them without merit and in need of no discussion.

In sum, after careful consideration of the record and the parties' contentions, we agree with the District Court that Brenner and Broadbelt have failed to show that Harleysville's proffered reasons for the dismissal were pretextual. Accordingly, we will

6

affirm the District Court's entry of summary judgment in favor of Harleysville.

_____

                                                     /s/ Jane R. Roth

                                                 Circuit Judge